**Affirm and Opinion Filed April 25, 2023**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-21-00501-CR**

**No. 05-21-00502-CR**

**No. 05-21-00503-CR**

**No. 05-21-00561-CR**

**ANTONIO B. LOREDO, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 401st Judicial District Court**
**Collin County, Texas**
**Trial Court Cause Nos. 401-82300-2021 ct. 1, 401-82300-2021 ct. 2,**
**401-82300-2021 ct. 3, 401-82300-2021 ct. 4**

## MEMORANDUM OPINION

Before Justices Molberg, Partida-Kipness, and Carlyle
Opinion by Justice Molberg

Appellant Antonio B. Loredo appeals four judgments: one convicting him of

indecency with a child by sexual contact, two convicting him of aggravated sexual

assault of a child, and one convicting him of sexual assault of a child. Loredo argues

the trial court erred by admitting a timeline into evidence and that this error was

harmful. We affirm in this memorandum opinion. *See* TEX. R. APP. P. 47.4.

# I. BACKGROUND

On appeal, Loredo challenges the trial court's decision to admit the following timeline into evidence during the guilt/innocence phase at trial:[1]



---

[1] The timeline is in State's Exhibit 2. In the image we include above, we have excluded the exhibit sticker and have redacted the names of the complainant and complainant's siblings. The redactions refer to complainant, except for the second redaction in the 1999/2000 entry, the two redactions in the May 17, 2002 entry, and the redaction in the October 22, 2003 entry, all of which refer to complainant's siblings. "Aaron" refers to complainant's husband.

## II. ANALYSIS

We review a trial court's decision to admit or exclude evidence for abuse of discretion. *See Beham v. State*, 559 S.W.3d 474, 478 (Tex. Crim. App. 2018); *Gonzalez v. State*, 544 S.W.3d 363, 370 (Tex. Crim. App. 2018). A trial court abuses its discretion when its decision lies outside the zone of reasonable disagreement. *Beham*, 559 S.W.3d at 478; *Gonzalez,* 544 S.W.3d at 370.

On appeal, Loredo argues the timeline was inadmissible because it "contained several factual inaccuracies" and was "an improper summary of evidence." In response, the State argues (1) Loredo's arguments regarding the admissibility of the timeline do not comport with his trial objections and thus have not been preserved for our review, and (2) even if error occurred, the error was not harmful. We agree with the State.

### A. Error Preservation

A timely, specific objection and ruling by the trial court, or refusal to rule, is generally required in order to preserve a complaint for appellate review. *See* TEX. R. APP. P. 33.1(a)(1)–(2); *Mendez v. State*, 138 S.W.3d 334, 341 (Tex. Crim. App. 2004). "The two main purposes of requiring a specific objection are to inform the trial judge of the basis of the objection so that he has an opportunity to rule on it and to allow opposing counsel to remedy the error." *Clark v. State*, 365 S.W.3d 333, 339 (Tex. Crim. App. 2012).

The party's complaint on appeal must comport with the objection made at trial. *Id.* (citing *Thomas v. State*, 723 S.W.2d 696, 700 (Tex. Crim. App. 1986)). In determining whether a complaint on appeal does so, we look to the context of the objection and the shared understanding of the parties at the time. *Id.* (citing *Lankston v. State*, 827 S.W.2d 907, 911 (Tex. Crim. App. 1992)). "Generally, error must be presented at trial with a timely and specific objection, and any objection at trial which differs from the complaint on appeal preserves nothing for review." *Sterling v. State*, 800 S.W.2d 513, 521 (Tex. Crim. App. 1990) (citations omitted).

At trial, Loredo argued the timeline referred to "facts not in evidence." The record reflects the following discussion prior to the timeline's admission:

> Q.      [PROSECUTOR] . . . I'm handing you what's been marked as State's Exhibit 2. Have you seen this document before?
>
> A.      [COMPLAINANT] Yes.
>
> Q.      [PROSECUTOR] Okay. And does this document -- without going into specifically everything that's on it, does it reflect, you know, dates and events that you testified about here today, whether on direct or cross-examination?
>
> A.      [COMPLAINANT] Yes.
>
> . . . . [2]

---

[2] In the portion not quoted, the complainant agreed that the timeline accurately reflected various matters depicted on the timeline, including but not limited to her date of birth, appellant's date of birth, the general date when appellant and complainant's mom got married, when the family moved to Texas from California, certain siblings' birthdays, the timeframe when the first incident of sexual abuse occurred when appellant caressed complainant's vaginal area, complainant's fourteenth and seventeenth birthdays, the approximate year of complainant's parents' divorce, the date complainant reported and was interviewed by law enforcement, and the order of certain events in relation to others, such as the occurrence of more than one incident involving appellant's penetration of her vagina with his finger after the first instance of sexual abuse and both before and after she was fourteen; the occurrence of the incident in Mexico after her sisters

–4–

Q.      [PROSECUTOR] Okay. Does everything here appear to fairly and accurately, you know, represent the time sequence of events and how you testified about them today?

A.      [COMPLAINANT] Yes.

Q.      [PROSECUTOR] And do you think that seeing this is something that might assist the jury in understanding kind of the chronology and flow of how things happened?

A.      [COMPLAINANT] Yes, I think so.

[PROSECUTOR]: At this time, the State offers State's Exhibit 2 into evidence. Tendering to defense.

THE COURT:  Any objections?

[DEFENSE COUNSEL] Yes, Your Honor. It's basically all leading questions that just happened.  Some of the stuff, including the issues with Jan, she doesn't even remember telling her. She was – the answer was suggested to her by the questioner. As far as the specific acts of abuse, she was only able to tell that it happened sometime between when she was 10, 11, and older, but to put dates when that may have happened, I don't think you can really do that because it's facts not in evidence, Judge. So, I would say other than people's birth dates, perhaps date of divorce, I don't see that any of this is admissible because those are not facts that were given in evidence, and if this particular exhibit's allowed to be demonstrated to the jury, it's leading questions that have been answered by, Hey, read your script.

[PROSECUTOR]: And, Your Honor, the dates -- or, the events -- excuse me -- that do not have a specific date or month or time that were able to be tied to them do not have a date next to them. They're just put in sequence in terms of, we know it was after this event, we know it happened before this and such, and everything on here was testified to by this witness or another witness.

THE COURT: All right. I'll overrule the objection.

[DEFENSE COUNSEL]: Can I make my offer of proof, Judge?

were born; and the occurrence of her report to her neighbor Jan after the first instance of sexual abuse and before complainant left home at seventeen.

THE COURT: Sure.

[DEFENSE COUNSEL]: The way this particular timeline is done, it suggests that we have specific dates as to when things happened because it could have happened between here and here, and that wasn't the testimony that we got. It's misleading the jury and indicating that there's some sort of extra veracity that wasn't there or elicited from testimony even after repeatedly asking the questions, and ask that that not be put in front of the jury.

THE COURT:  It will be admitted. Thank you.

In contrast to his "facts not in evidence" argument in the trial court, on appeal, Loredo argues the timeline was inadmissible because it "contained several factual inaccuracies"[3] and was "an improper summary of evidence."  In other words, although Loredo has consistently maintained that the timeline is inadmissible, in the trial court, he argued the timeline is inadmissible because the timeline contained information *not yet in evidence*, but on appeal, he argues the timeline is inadmissible because it summarized information that was *already there*.  These arguments are not the same, despite Loredo's attempts to equate them.

We disagree with Loredo's argument that at trial, he "conveyed the point that the summary was merely a repetition of testimony and had no independent relevance or probative value of its own," as there is nothing in the record to support it.  Because his argument on appeal does not comport with his argument in the trial court, we conclude Loredo failed to preserve error on his sole issue on appeal.

---

[3] As to the alleged "factual inaccuracies," Loredo did not identify below, and has not identified on appeal, any specific inaccuracy in the timeline that is inconsistent with other evidence in the record.

## B.    Harm

We also conclude any error in the admission of the timeline was not harmful.

The erroneous admission of evidence generally constitutes non-constitutional error, subject to a harm analysis that requires reversal only if the error affected the substantial rights of the accused. TEX. R. APP. P. 44.2(b); *Gonzalez*, 544 S.W.3d at 373. An error is reversible only when it has a substantial and injurious effect or influence in determining the jury's verdict. *Taylor v. State*, 268 S.W.3d 571, 592 (Tex. Crim. App. 2008). We should not overturn the conviction if we have fair assurance from an examination of the record as a whole that the error did not influence the jury or had but slight effect. *Id*. When making this determination, we consider: (1) the character of the alleged error and how it might be considered in connection with other evidence; (2) the nature of the evidence supporting the verdict; (3) the existence and degree of additional evidence indicating guilt; and (4) whether the State emphasized the complained-of error. *Gonzalez*, 544 S.W.3d at 373.

In arguing their respective positions regarding harm, both sides cite *Castillo v. State*, No. 05-12-00696-CR, 2014 WL 61035 (Tex. App.—Dallas Jan. 8, 2014, pet. ref'd) (mem. op.) (not designated for publication). In that case, the State conceded error in the admission of a timeline but claimed it was harmless. *Id*. at *1. We agreed with the State, noting that the jury heard testimony from complainant regarding the incidents of abuse summarized on the timeline. *Id*. at *1–2 (stating,

"[W]e cannot conclude appellant's substantial rights were harmed by the erroneous admission of evidence.")[4]

In this case, the State does not concede error but argues that any error was harmless, similar to its harm argument in *Castillo*. We agree. Similar to *Castillo*, the jury heard testimony regarding the incidents summarized on the timeline from complainant and other witnesses. Based on the record before us, even if Loredo preserved error and we assumed the trial court erred in admitting the timeline, we cannot conclude Loredo's substantial rights were harmed by the trial court's decision to admit the timeline into evidence. *See id.* Having reviewed the entire record, we have fair assurances that any error in admitting the timeline either did not influence the jury or had only a slight effect. *See Gonzalez*, 544 S.W.3d at 373. Therefore, we disregard any error. *See* TEX. R. APP. P. 44.2(b). We overrule Loredo's sole issue.

### III. CONCLUSION

We affirm the trial court's judgments.

/Ken Molberg/

210501f.u05  
210502f.u05  
210503f.u05  
210561f.u05  
Do Not Publish  
TEX. R. APP. P. 47

KEN MOLBERG  
JUSTICE

---

[4] We also noted Castillo had not argued the chart was inaccurate or misleading, *see* 2014 WL 61035 at *2.

–8–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ANTONIO B LOREDO, Appellant

No. 05-21-00501-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 401st Judicial District Court, Collin County, Texas Trial Court Cause No. 401-82300-2021 ct. 1.
Opinion delivered by Justice Molberg. Justices Partida-Kipness and Carlyle participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 25th day of April, 2023.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ANTONIO B LOREDO, Appellant

No. 05-21-00502-CR        V.

THE STATE OF TEXAS, Appellee

On Appeal from the 401st Judicial District Court, Collin County, Texas Trial Court Cause No. 401-82300-2021 ct. 2.
Opinion delivered by Justice Molberg. Justices Partida-Kipness and Carlyle participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 25th day of April, 2023.



## Court of Appeals
## Fifth District of Texas at Dallas
## JUDGMENT

ANTONIO B LOREDO, Appellant

No. 05-21-00503-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 401st Judicial District Court, Collin County, Texas Trial Court Cause No. 401-82300-2021 ct. 3.

Opinion delivered by Justice Molberg. Justices Partida-Kipness and Carlyle participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 25th day of April, 2023.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ANTONIO B LOREDO, Appellant

No. 05-21-00561-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 401st Judicial District Court, Collin County, Texas Trial Court Cause No. 401-82300-2021 ct. 4.
Opinion delivered by Justice Molberg. Justices Partida-Kipness and Carlyle participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 25th day of April, 2023.